No. 24-2021

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

In re: JACQUELINE M. STERLING, Debtor,

JACQUELINE M. STERLING,
Plaintiff-Appellant,

v.

SOUTHLAKE NAUTILUS HEALTH & RACQUET CLUB, INC.,
Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division
No. 2:23-cv-00349-PPS
The Honorable Judge Philip P. Simon

---

APPELLEE'S BRIEF

Kevin E. Steele
BURKE COSTANZA & CARBERRY LLP
Attorney for Appellee,
Southlake Nautilus Health & Racquet Club,
Inc.
156 Washington St.
Valparaiso, IN 46383
(219)769-1313
steele@bcclegal.com

CIRCUIT RULE 26.1    DISCLOSURE STATEMENT

Appellate Court No: <u>24-2021</u>

Short Caption: <u>Sterling v. Southlake Nautilus Health & Racquet Club, Inc.</u>

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R.  App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. Counsel  is required to complete the entire  statement and to use N/A for any information that  is not applicable if this form is used.

[  ]      PLEASE  CHECK HERE  IF ANY INFORMATION ON THIS FORM  IS NEW OR REVISED AND INDICATE  WHICH INFORMATION IS NEW OR REVISED.

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

Southlake Nautilus Health & Racquet Club, Inc.

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including  proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Burke Costanza & Carberry LLP

(3) If the party or amicus is a corporation:

i) Identify all its parent corporations, if any; and

None

ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

None

(4)      Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)      Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Jacqueline M. Sterling

Attorney's Signature: <u>/s/ Kevin E. Steele</u>            Date: <u>October __, 2024</u>

Attorney's Printed Name: <u>Kevin E. Steele</u>

Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d). Yes <u>X</u>          No <u>__</u>

Address: <u>156 Washington Street, Valparaiso, IN 46383</u>

Phone Number: <u>(219) 769-1313</u>                Fax Number: <u>(219) 769-6806</u>

E-Mail Address: <u>steele@bcclegal.com</u>

rev. 12/19 AK

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................4

JURISDICTIONAL STATEMENT......................................................6

STATEMENT OF THE ISSUES..........................................................6

STATEMENT OF THE CASE

    a.    Facts relevant to issues submitted for review.........................7

    b.    Procedural history relevant to issues submitted for review...............12

    c.    Rulings presented for review........................................13

SUMMARY OF THE ARGUMENT.....................................................13

ARGUMENT

    I.    Standard of Review.......................................................15

    II.    Southlake did not need to prove that Sterling failed to comply with Northern District of Indiana Local Bankruptcy Rule B-4002-1(a) because it was the law of the case on remand.................................16

    III.    The bankruptcy court properly found the facts regarding the violation of the discharge injunction.............................................17

    IV.    The bankruptcy court did not err in its award of damages...................18

        1.    The award is not unconscionable and is supported by the evidence.......................................................18

        2.    Loss of reputation claim is not recoverable in this case............20

        3.    Wrongful detention damage claim is not recoverable in this case.........................................................21

    V.    The bankruptcy court did not err in failing to award costs .................21

    VI.    The bankruptcy court did not err when it reduced Sterling's damage award and Sterling's attorney fee award by 50%...................................22

CONCLUSION...........................................................................25

# TABLE OF AUTHORITIES

**a. CASES**

*Arpin v. U.S.*, 521 F.3d 769 (7th Cir. 2008)…………………………..………18

*Estate of Wattar v. Fox*, 71 F.4th 547 (7th Cir. 2023)…………………………15

*F.T.C. v. Trudeau*, 662 F.3d 947 (7th Cir. 2011)…………………………………16

*Goodson v. Goodson, et al., (In re Goodson)*, Case No. 17-41820, 2018 WL 722461 (Bankr. N.D. Ala. Feb. 5, 2018)……………………………………………19

*Grieves v. Greenwood*, 550 N.E.2d 334 (Ind. Ct. App. 1990)………………20

*Hensley v. Eckherhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983)……………..22

*In re Haimil Realty Corp.*, 579 B.R. 19 (Bankr. S.D.N.Y. 2017)………….24

*In re Lamar*, 2013 WL 5726956 (Bankr. S.D. Georgia 2013)……………..24

*In re Rodriguez*, 2020 WL 1672773 (Bankr. N.D. Cal. 2020)……………..24

*In re Sterling*, 933 F.3d 828 (7th Cir. 2019)………………..…………12, 15, 16, 22

*In re Thomas*, 204 F.2d 788 (7th Cir. 1953)…………………………………………22

*In re Valentine*, 611 B.R. 622 (Bankr. E.D. Mo. 2020)……………………….19

*In re Vazquez*, 221 B.R. 222 (Bankr. N.D. Ill. 1998)…………………………15

*Jutzi-Johnson v. United States*, 263 F.3d 753 (7th Cir. 2001)……………18

*Liu v. Price Waterhouse LLP*, 302 F.3d 749 (7th Cir. 2002)………………..16

*McGrath v. County of Nevada*, 67 F.3d 240 (9th Cir. 1995)……………….23

*McMullen v. Schultz*, 443 B.R. 236 (Bankr. D.Mass. 2011)……………….24

*Miller v. City of Anderson*, 777 N.E.2d 1100 (Ind. Ct. App. 2002)………..21

*Ratcliff v. Barnes*, 750 N.E.2d 433 (Ind. Ct. App. 2001)……………………20

*Ridgell-Boltz v. Colvin*, 670 Fed. Appx. 651 (Mem)(10th Cir. 2016)………23

*Schwinn Plan Comm. v. Transamerica Ins. Fin. Corp. (In re Schwinn Bicycle Co.)*, 210 B.R. 764 (Bankr. N.D. Ill. 1997)……………………………21

*Surprise v. Saul*, 968 F.3d 658 (7th Cir. 2020)…………………………………16

*Thames v. Evanston Insurance Co.*, 665 Fed. Appx. 716 (10th Cir. 2016)…………………………………………………………………………………………22-23

*United States v. Seventy-Three Thousand, Two Hundred Seventy-Seven Dollars, U.S. Currency*, 710 F.2d 283 (7th Cir. 1983)…………………………17-18

**b. STATUTES**

11 U.S.C. § 105………………………………………………………………………………23

11 U.S.C. § 330………………………………………………………………………………24

28 U.S.C. § 157……………………………………………......6

28 U.S.C. § 158……………………………………………….6

28 U.S.C. § 1291…………………………………………….6

28 U.S.C. § 1334……………………………………......…….6

28 U.S.C. § 1920…………………………………………….21

c.    **RULES**

Federal Rule of Civil Procedure 52……………………………………6, 18

Federal Rule of Bankruptcy Procedure 7052………………………….6

Federal Rule of Bankruptcy Procedure 8002………………………….6

Northern District of Indiana Local Rule 200-1………………………..6

Northern District of Indiana Local Bankruptcy Rule B-4002-1…...7-10, 12, 13, 15-17, 22, 24

## JURISDICTIONAL STATEMENT

The appellant's jurisdictional statement is not complete and correct.

The Bankruptcy Court had subject matter jurisdiction over the adversary proceeding against Appellee Southlake Nautilus Health & Racquet Club, Inc. ("Southlake") below pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and N.D.Ind.L.R. 200-1(a)(2). The adversary proceeding was a "core" proceeding as defined by 28 U.S.C. § 157(b)(2). Appellant Jacqueline M. Sterling ("Sterling") appealed to the District Court from the Bankruptcy Court's entry of final judgment entered on October 3, 2023, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, applicable to adversary proceedings through Rule 7052 of the Federal Rules of Bankruptcy Procedure. Pursuant to 28 U.S.C. § 158(a)(1), the District Court had jurisdiction to hear the appeal from the final judgment of the bankruptcy judge entered in this case referred to a bankruptcy judge under 28 U.S.C. § 157. Sterling's Notice of Appeal, filed on October 11, 2023, was timely filed within the 14-day period allowed by Bankruptcy Rule 8002(a)(1). Thereafter, the District Court affirmed the Bankruptcy Court via a written order issued on June 10, 2024. Sterling filed her Notice of Appeal on June 13, 2024. The Seventh Circuit has jurisdiction of the appeal of the District Court's Order pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

a. Whether the district court erred in affirming the bankruptcy court's assessment of Sterling's damages due to the violation of the discharge injunction.

b. Whether the district court erred in affirming the bankruptcy court's determination of an appropriate attorney's fee award.

c. Whether the district court erred in affirming the bankruptcy court's reduction of Sterling's damages and Sterling's attorney's fee award due to the violation of Northern District of Indiana Local Bankruptcy Rule B-4002-1(a).

## STATEMENT OF THE CASE

a. **Facts relevant to the issues submitted for review.**

The facts of the case pertinent to the issues on appeal were provided by the bankruptcy court in its opinion. It determined the following facts:

On September 30, 2009, Sterling filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. In her bankruptcy schedules, she listed a debt owed to Southlake. (See Case No. 09-24206, Dkt No. 1, Schedule F). Prior to Sterling initiating her bankruptcy case, the Austgen Firm had filed on behalf of Southlake, a lawsuit against Sterling in the Lake County (Indiana) Superior Court for approximately $520 in unpaid membership fees. On January 11, 2010, the Court entered the Discharge Order, discharging Sterling's financial obligation to Southlake. However, on December 14, 2009, between the time Sterling filed her petition for relief and the entry of the Discharge Order, the Austgen Firm filed, in the state court, a motion for proceedings supplemental.

Unbeknownst to Sterling, on April 27, 2010, the state trial court, per the Austgen Firm's request, issued a bench warrant for her arrest for failing to appear

at a hearing in the state trial court collection case. The Austgen Firm, however, did not have notice of Sterling's bankruptcy case or of the related Discharge Order. On October 3, 2009, the Bankruptcy Noticing Center sent to Southlake, by first class mail, notice that Sterling had initiated a bankruptcy proceeding. (Case No. 09-24206, Dkt. No. 5). Subsequently, on January 14, 2010, the Bankruptcy Noticing Center sent to Southlake, by first class mail, the Discharge Order. (Case No. 09-24206, Dkt. No. 10).

When Sterling filed her bankruptcy case, she did not comply with Northern District of Indiana Local Bankruptcy Rule B-4002-1(a) and provide written notice of the filing of her bankruptcy case to the state trial court. Also, Sterling did not disclose the state court lawsuit in her Statement of Financial Affairs, but even if she had, this alone would not have given the Austgen Firm notice of the case, as the Austgen Firm was not her creditor and, therefore, it would not have been listed on the creditor matrix. Further, Sterling did not directly notify the Austgen Firm that she filed bankruptcy or list the firm on her schedules. The Court finds, however, that there is no specific Local Rule or statute that required her to provide such notice to the Austgen Firm.

On a Friday in March of 2011, a police officer with the town of Dyer, Indiana stopped to assist Sterling with a flat tire. The officer discovered the outstanding warrant and proceeded to detain Sterling. She was subsequently incarcerated in the Lake County Jail from that Friday evening until the following Monday afternoon. (Trial Transcript, pp. 181, 190, 196). Although the record is unclear when Sterling

was released from jail that following Monday, based on the foregoing, the Court determines that Sterling spent approximately three days in jail. (*Id.*).

At trial, Wanda Leggett, a 26-year veteran employee of the Clerk of the Lake Circuit/Superior Court (the "Clerk's Office") and (at that time) the current office manager testified that, when the Clerk's Office received a notice of a bankruptcy case, no specific procedures were in place to recall a previously issued bench warrant. (Trial Transcript, pp. 30-31, 34). Rather, each judge sitting in the Lake Superior Court had his or her own specific procedure when such notices were received. (Trial Transcript, pp. 32-33). Ms. Leggett testified that some judges would have the specific case file "pulled" for review and some did not. (*Id.* at 33). Ms. Leggett testified that the state court judge presiding over Sterling's collection case did not require that the case file be brought to chambers for review upon the Clerk's Office receiving a bankruptcy notice and, as a result, an existing bench warrant would remain active. (Trial Transcript, pp. 33-34) (emphasis added). However, Ms. Leggett further testified that she did not know of any judge in Lake County that would disregard a properly docketed notice regarding a bankruptcy filing (i.e., a noticed filed pursuant to Local Rule B-4002-1(a)) and then proceed to issue a bench warrant. (Trial Transcript, pp. 37-38). In addition, it was Ms. Leggett's testimony that "98 percent of the time" the judge "before acknowledging a bench warrant, she will look over her file." (Trial Transcript, p. 38). Here, Sterling filed her petition for bankruptcy relief on September 30, 2009, received her discharge on January 11, 2010, and the state court did not issue the bench warrant until April 27, 2010.

Giving credit to Ms. Leggett's testimony, the Court finds that if Sterling had complied with the Local Rule B-4002-1(a), the state court judge likely would have reviewed the court's file prior to issuing any bench warrant, acknowledged any bankruptcy notice, and, as a result, would not have issued a bench warrant in the collection case against Sterling.

Sterling testified that due to her detainment and incarceration she was unable to work a total of four days (equivalent to four shifts), including the Friday she was arrested and the following Saturday, Sunday, and Monday. (Trial Transcript, pp. 190-91; 211-12). During this time, she was employed (and currently still is) as a poker dealer at the Horseshoe Casino in Hammond, Indiana, and her salary, including tips, averaged to approximately $40.25 per hour. (Trial Transcript, pp. 180-81). Sterling averaged approximately nine hours of work per shift. (Trial Transcript, pp. 211-12).

Sterling further testified that after she was arrested on Friday, she was fingerprinted and transported, while handcuffed, to a holding facility in Crown Point, Indiana. (Trial Transcript, pp. 185-86). Upon her arrival she was fingerprinted again, her under-garments taken and received "jail garb" to wear. (Trial Transcript, pp. 186-87). She spent two nights (Friday and Saturday) in a holding cell, along with more than 20 other women. (Trial Transcript, pp. 188¬90). The holding cell had one open toilet (without privacy) and no access to feminine hygiene products. (Trial Transcript, pp. 187-88, 195). In addition, the holding cell was not clean, smelled, had no clocks, had only one small window near the top of the

ceiling, and was cold. (Trial Transcript, p. 195).

On Sunday, the jail assigned Sterling to a cell with a single cellmate. (Trial Transcript, p. 190). At trial, she described this cell as "cold, kinda stinks" but had a "thin mattress to lay on so you wouldn't have to lay exactly on concrete." (Trial Transcript, pp. 195-96). Understandably, Sterling stated that the cell was, "No place I want to be." (Id. at 196). Southlake failed to challenge the foregoing testimony and the Court accords Sterling's testimony great weight. Therefore, the Court concludes that Sterling had to endure three nights (and approximately three days total) in a jail facility and that this experience for Sterling was humiliating, degrading, and stressful.

After Sterling's arrest, her employer, the Horseshoe Casino, suspended her and she had to request reinstatement. (Trial Transcript, p. 191). However, she was reinstated that same month and continued her employment at the Horseshoe. (Trial Transcript, pp. 180, 191, 194-95). Further, Sterling held a gaming license through the State of Indiana that was renewable on a yearly basis and when she reapplied for it the following year, she had to disclose the arrest. (Trial Transcript, pp. 191-92). The arrest, however, did not affect the renewal of her gaming license and she maintained a valid gaming license in the State of Indiana. (Trial Transcript, pp. 183, 192). At trial, Martin Shreibak, the corporate representative from Southlake, testified that he did not know whether Southlake received any notices from the bankruptcy court concerning Sterling's case. (Trial Transcript, pp. 74-77, 85¬86). In addition, Southlake did not keep a log of the notices it received from the bankruptcy

court, did not retain copies of such notices, and did not maintain any written records of what it subsequently did with such notices. (Trial Transcript, pp. 67-69). Sometime after Sterling's incarceration, Southlake had a discussion with its insurance agent and only then implemented a procedure for logging and processing bankruptcy notices. (Trial Transcript, pp. 70-71). Based on this evidence, the Court finds that, prior to Sterling's incarceration, Southlake failed to maintain adequate procedures to prevent a violation of the discharge injunction or the automatic stay. *Memorandum and Opinion Awarding Damages and Attorney Fees Following Remand*, dated October 3, 2023, pages SA-48 to SA-51.

b. **Procedural history relevant to the issues submitted for review.**

On June 25, 2012, Sterling filed an adversary proceeding against Southlake and its attorneys. (Dkt. #1, Case No. 12-02102). Thereafter, on November 12-13, 2014, a trial was held by the bankruptcy court. The bankruptcy court entered its judgment on August 25, 2016, finding for Southlake. Sterling appealed that decision to the Northern District of Indiana which entered an Order and Opinion on August 2, 2018, affirming the bankruptcy court's decision. Sterling appealed that Order and Opinion to the Seventh Circuit. Ultimately, the Seventh Circuit reversed the bankruptcy court and the district court's judgment for Southlake and remanded the case to the bankruptcy court for further proceedings consistent with its opinion and left to its "discretion whether to factor this (the violation of N.D.Ind.L.R. B-4002-1(a)) into the damages calculation." *In re Sterling*, 933 F.3d 828, 836 (7th Cir. 2019). Thereafter, the bankruptcy court held additional hearings. On remand Sterling did

not provide additional testimony concerning her claimed damages. The only additional evidence received by the bankruptcy court concerned the attorney's fees claimed by Sterling's attorney. On October 3, 2023, the bankruptcy court issued its Memorandum and Opinion Awarding Damages and Attorney Fees Following Remand. (Dkt. #147, Case No. 12-02102). Thereafter, on October 11, 2023, Sterling filed her appeal to the District Court. (Dkt. #149, Case No. 12-02102). After briefing by the parties, the District Court affirmed the Bankruptcy Court via a written order on June 10, 2024. (Dkt. #14, Case No. 23-00349). Sterling filed her Notice of Appeal on June 13, 2024. (Dkt. #16, Case No. 23-00349).

### c. Ruling Presented for Review.

Sterling has appealed the District Court's Judgment affirming the Bankruptcy Court and the District Court's Opinion and Order entered on June 10, 2024. (Dkt. #14 & #15, Case No. 23-00349).

## SUMMARY OF THE ARGUMENT

The bankruptcy court correctly decided the case on remand and should be affirmed because it did not abuse its discretion in its ruling. Sterling and her bankruptcy attorney's failure to comply with Northern District of Indiana Local Bankruptcy Rule B-4002-1(a) had an important impact on the outcome of the case. Had the proper notice been provided to Southlake's attorney, the warrant would have been withdrawn and the arrest would not have occurred. However, the notice was not properly provided and the protection that would have been provided to Sterling by the notice was not received by her.

Southlake did not need to prove its affirmative defense concerning the failure to provide the required notice because the failure to provide the notice was law of the case on remand.

The bankruptcy court properly determined the facts regarding the violation of the discharge injunction. The findings of fact entered by the bankruptcy court demonstrate a comprehensive understanding of the facts underlying the stay violation. Sterling asks this Court to reweigh the evidence and arrive at a different conclusion. Sterling has failed to show that any of the findings of fact are clearly erroneous.

The bankruptcy court's award of damages was based upon her lost wages and an amount for the emotional distress of spending time in jail. No damages were available for a loss of reputation or wrongful detention based upon the facts and the law applicable in the matter. Loss of reputation damages were unavailable because no admissible testimony was offered about post-trial facts and legally loss of reputation damages were not supported. Wrongful detention did not occur in this case, so those damages were unavailable to Sterling. The damages awarded to Sterling were not unconscionable.

No evidence of costs was presented to the bankruptcy court by Sterling. Sterling bore the burden to prove permissible costs were incurred by her. Because she failed to present evidence of costs, the bankruptcy court did not err by failing to award costs.

The bankruptcy court did not error in reducing Sterling's requested attorney's fees and costs. When the Seventh Circuit remanded the case to the bankruptcy court, it stated, "We leave to the bankruptcy court's discretion whether to factor this into the damages calculation." *In re Sterling*, 933 F.3d at 836. The bankruptcy court, utilizing the discretion afforded to it by the Seventh Circuit and applicable statutory provisions, determined that the awarded damages should be reduced by 50% based upon Sterling and her attorney's violation of the local bankruptcy rule requiring notice of the bankruptcy being provided to the local court and to counsel. The bankruptcy court did not abuse its discretion when it factored Sterling's failure into the damages calculation. The bankruptcy court's decision should be affirmed.

## ARGUMENT

The bankruptcy court did not abuse its discretion when it determined the amount of damages due Sterling for the violation of the discharge injunction and properly factored Sterling's violation of Northern District of Indiana Local Bankruptcy Rule B-4002-1(a) into the ultimate judgment entered by it. The district court properly found that the bankruptcy court judgment should be affirmed.

### I.    Standard of Review.

Sterling has proposed utilizing the incorrect standard of review for this appeal. An award for civil contempt by a bankruptcy court for a willful violation of the discharge injunction is considered a sanction. *In re Vazquez*, 221 B.R. 222, 227 (Bankr. N.D. Ill. 1998). This Court reviews the bankruptcy court's imposition of sanctions for an abuse of discretion. *Estate of Wattar v. Fox*, 71 F.4th 547, 554 (7th

Cir. 2023). A court abuses its discretion when it bases its decision on an incorrect legal principle or a clearly erroneous factual finding. *F.T.C. v. Trudeau*, 662 F.3d 947, 950 (7th Cir. 2011). Under the abuse of discretion standard, a bankruptcy court judge's decision will be affirmed if it is in conformity with legal standards and is within the range of options within which it would be expected for a reasonable judge to choose. *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 754 (7th Cir. 2002). In this case, the bankruptcy judge did not abuse his discretion and the judgment should be affirmed.

## II. Southlake did not need to prove that Sterling failed to comply with Northern District of Indiana Local Bankruptcy Rule B-4002-1(a) because it was the law of the case on remand.

Despite Sterling's argument that Southlake failed to prove its affirmative defense, there was never a real question that Sterling failed to comply with the requirements of Northern District of Indiana Local Bankruptcy Rule B-4002-1(a). In fact, it was the law of the case on remand. *Surprise v. Saul*, 968 F.3d 658, 663 (7th Cir. 2020). This Court, in its prior decision, found that Sterling failed to notify either the Lake County Court or Southlake's attorney about the discharge of the debt. *In re Sterling*, 933 F.3d at 831. Therefore, there was no need for Southlake to prove that Sterling failed to provide the notice required by Northern District of Indiana Local Bankruptcy Rule B-4002-1(a) because it was established as a part of the prior appeal.

As stated by this Court in its prior opinion in this case, "Sterling, for her part, failed to notify either the Lake County court or Austgen that the debt at issue had

been discharged, despite a local bankruptcy rule requiring her to do so. *See* N.D. Ind. L.B.R. B-4002-1(a)." *Id.* at 831. On remand there never was a question whether Sterling complied with Local Bankruptcy Rule B-4002-1(a). Everyone knew that she had not. The case was remanded for a consideration of whether to factor the failure into the damages calculation or not.

### III. The bankruptcy court properly found the facts regarding the violation of the discharge injunction.

Contrary to the contention of Sterling, there is no evidence that the bankruptcy court failed to consider the severity of the situation. A review of the findings of fact entered by the bankruptcy court shows that it fully considered the evidence presented to it. The findings of fact entered by the bankruptcy court demonstrate a comprehensive understanding of the facts underlying the stay violation. Further the findings of the bankruptcy court detailed above reflect its grasp of the situation's gravity. Sterling, in her appellant's brief, does not point to any critical information that the bankruptcy court overlooked. Instead, she asks that this Court reweigh the evidence and decide differently than the bankruptcy court.

The Seventh Circuit has held: "As an appellate court, we are not at liberty to substitute our judgment for that of the trial court. An appellate court's function is limited. It is the fact finder's function to hear and observe the witnesses and to weigh the conflicting evidence. On appeal, we are not to decide a case based on what we, as individual judges, would have decided under the same or similar circumstances. Rather, we must accept the factual findings of the trial court unless those findings are clearly erroneous." *United States v. Seventy-Three Thousand,*

*Two Hundred Seventy-Seven Dollars, U.S. Currency*, 710 F.2d 283, 288 (7th Cir. 1983) (internal citations omitted). Sterling has failed to show that any of the findings of fact are clearly erroneous based upon the evidence presented to the bankruptcy court. Therefore, the findings of fact developed by the bankruptcy judge should not be disturbed on appeal.

## IV.     The bankruptcy court did not err in its award of damages.

The bankruptcy court awarded Sterling $1,449 for lost wages and $18,000 for the emotional distress of being jailed. The bankruptcy court provided its factual and legal basis for the damage award. It was a well-reasoned decision that should not be reversed on appeal. Furthermore, the bankruptcy court determined that damages were unavailable to Sterling for loss of reputation and for wrongful detention. The bankruptcy court correctly decided those issues as well and should be affirmed.

1. The award is not unconscionable and is supported by the evidence.

In her Appellant's Brief, Sterling argues that the damages awarded to her are unconscionable. From a legal perspective, Sterling's argument is undeveloped and appears to be an attempt to sway this Court to substitute an award for Sterling different than that awarded by the bankruptcy court. This Court should resist that invitation. "When a federal judge is the trier of fact, he, unlike a jury, is required to explain the grounds of his decision. Fed.R.Civ.P. 52(a). 'This means, when the issue is the amount of damages, that the judge must indicate the reasoning process that connects the evidence to the conclusion.'" *Arpin v. U.S.*, 521 F.3d 769, 776 (7th Cir. 2008) (*citing Jutzi-Johnson v. United States*, 263 F.3d 753, 758 (7th Cir. 2001)).

In this case, the bankruptcy judge presented his detailed reasoning that connected the evidence to his conclusion regarding the damages recoverable by Sterling. The court calculated the number of work hours Sterling testified as losing by the highest hourly rate that she testified to receiving. The court also looked at a case where there was an award for emotional distress in a situation like the case at bar. It used that case to support its decision on the per day amount to award Sterling for her emotional distress of having been jailed. There is no coherent argument presented by Sterling that the damages were unconscionable. The methodology for the calculation of damages was fully explained in the bankruptcy court's decision and was supported by facts and law. The damages award was not unconscionable.

The bankruptcy court cited to *Goodson v. Goodson, et al., (In re Goodson)*, Case No. 17-41820, 2018 WL 722461 (Bankr. N.D. Ala. Feb. 5, 2018), to support its calculation of Sterling's damages for emotional distress. In *Goodson* a debtor spent four days in jail pursuant to a criminal contempt order even though the debtor had filed bankruptcy and was under an automatic stay. The *Goodson* court awarded $5,000 in damages for each night the debtor spent in jail. *Id.* at *13. There are other courts that have awarded far less ($100 per night). *In re Valentine*, 611 B.R. 622, 652 (Bankr. E.D. Mo. 2020). Therefore, the award of $6,000 in damages for each night Sterling spent in jail is not an abuse of discretion. The bankruptcy court should be affirmed.

## 2. Loss of reputation claim is not recoverable in this case.

As discussed by the bankruptcy court, damages for loss of reputation are typically only available in actions for libel, slander, abuse of process, malicious prosecution, or interference with contract. *Grieves v. Greenwood*, 550 N.E.2d 334, 338 (Ind. Ct. App. 1990). Sterling asserted no claim that would provide for a loss of reputation recovery.

In her Appellant's Brief, Sterling discusses alleged testimony concerning loss of reputation during the damages trial. The only testimony provided by Sterling's counsel following remand concerned attorney's fees. There was no testimony provided by Sterling herself following remand on any topic. Sterling's attorney could not offer testimony concerning loss of reputation on her behalf (i.e., statements about things that happened after the original trial). Therefore, no evidence to support the assertions about post-trial occurrences was offered by Sterling on remand.

As discussed by the district court, Sterling cannot prevail on a claim for defamation *per se* for having to make statements concerning her arrest for two reasons. First, Sterling is the person making the statements, not Southlake. Second, the statement being made by Sterling is true and is thus not defamatory. *Ratcliff v. Barnes*, 750 N.E.2d 433, 436 (Ind. Ct. App. 2001) (a plaintiff must prove that a statement is false to show that the defamatory communication is actionable).

No admissible evidence was provided to the bankruptcy court concerning an impact to her reputation. Furthermore, no legal claims supporting an award of

damages for loss of reputation were asserted in the case. Therefore, the bankruptcy court did not err in failing to award damages for loss of reputation. As a result, the bankruptcy court should be affirmed.

      3.  <u>Wrongful detention damage claim is not recoverable in this case.</u>

The bankruptcy court found that Sterling failed to adequately develop her claim that she was wrongfully detained. Under Indiana law, a defendant may be liable for false arrest if the plaintiff is arrested in the absence of probable cause. *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002). As found by the district court in this matter, the Sterling warrant was based upon probable cause. Therefore, the bankruptcy court should be affirmed on the wrongful detention claim because probable cause existed for the arrest.

## V.    The bankruptcy court did not err in failing to award costs.

Sterling takes issue with the bankruptcy court not awarding costs. However, in Sterling's Fee Petition (Dkt. #128 in Case No. 12-02102) there is no evidence of costs put forth or requested. Therefore, the bankruptcy court did not err in failing to award costs because no evidence of costs was offered at the hearing or thereafter. Under *Schwinn Plan Comm. v. Transamerica Ins. Fin. Corp.* (*In re Schwinn Bicycle Co.*), 210 B.R. 764, 769 (Bankr. N.D. Ill. 1997), Sterling bore the responsibility to establish that the requested costs were within the permissible costs listed in 28 U.S.C. § 1920 and to demonstrate that the costs were reasonable and necessary. Sterling failed to do so, and the bankruptcy judge did not abuse his discretion in refusing to award costs.

**VI.    The bankruptcy court did not err when it reduced Sterling's damage award and Sterling's attorney fee award by 50%.**

Sterling argues that the bankruptcy court erred by reducing the damages award made to her and the attorney's fee award by 50% based upon her violation of Northern District of Indiana Local Bankruptcy Rule B-4002-1(a). What constitutes a reasonable attorney fee is a matter committed to the trial court's discretion. *Hensley v. Eckherhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983). As stated by the Seventh Circuit in its opinion in this case:

> A final word of caution. Although we conclude that Southlake acted in contempt, we note that this regrettable event could have been avoided had Sterling complied with Northern District of Indiana Local Bankruptcy Rule B-4002-1(a). Like the bankruptcy court, we strongly advise debtors and their counsel to comply with this rule to avoid similar situations in the future. We leave to the bankruptcy court's discretion whether to factor this into the damages calculation.

*In re Sterling*, 933 F.3d at 836. As the Seventh Circuit has stated, "a bankruptcy court is one of equity … [and i]t is horn-book law … that a person who seeks equity must do equity." *In re Thomas*, 204 F.2d 788, 794 (7th Cir. 1953). The bankruptcy court, using its discretion and following the directive of the Seventh Circuit, determined that both Sterling's damages and the attorney fee award in this case should be reduced by 50% based upon the violation of Northern District of Indiana Local Bankruptcy Rule B-4002-1(a).

Sterling cites to three cases that she claims support her contention that proportionate reductions in attorney's fees are arbitrary and an abuse of discretion. Sterling misconstrues all three cases. First, in *Thames v. Evanston Insurance Co.*, 665 Fed. Appx. 716, 722 (10th Cir. 2016), the appellate court found that the district

judge erred by following Second Circuit precedent which allows for a proportionate reduction in attorney's fees which was not allowed by Tenth Circuit and Oklahoma precedent. In *Ridgell-Boltz v. Colvin*, 670 Fed. Appx. 651, 656 (Mem)(10th Cir. 2016), the appellate court reversed because the trial court did not explain its decision to reduce a fee award by 45%. It did not find that such a reduction was *per se* arbitrary and an abuse of discretion, but that it needed to be explained by the judge. Finally, in *McGrath v. County of Nevada*, 67 F.3d 240, 254 (9th Cir. 1995), there was no proportionate reduction of attorney's fees so its application to this case is unknown. None of the cases cited by Sterling support her argument in this case.

In this case the bankruptcy court undertook an analysis of the attorney's fees requested by Sterling's counsel, eliminated some of the requested hours, and then reduced the attorney fee award due to the violation of Local Bankruptcy Rule B-4002-1(a). Therefore, the cases cited by Sterling do not support the argument that the bankruptcy judge abused his discretion because he explained in detail his decision-making concerning the attorney fee award.

Contrary to the contention of the Sterling that no authority to reduce attorney's fees exists, there is support for the concept of reducing an attorney fee recovery in a bankruptcy matter. Pursuant to 11 U.S.C. § 105(a):

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Furthermore, 11 U.S.C. § 330(a)(2) provides that the bankruptcy court may "on its own motion or on motion of … any other party in interest, award compensation that is less than the amount of compensation that is requested." In the case of *In re Lamar*, 2013 WL 5726956 (Bankr. S.D. Georgia 2013), the judge reduced attorney's fees due to the failure to timely receive approval for hiring special counsel. In the case of *In re Rodriguez*, 2020 WL 1672773 (Bankr. N.D. Cal. 2020), the Bankruptcy Appellate Panel of the Ninth Circuit affirmed a reduction of attorneys' fees based upon a failure to mitigate. The bankruptcy court in Massachusetts reduced attorney's fees based upon the attorney's violation of the disclosure obligations under the bankruptcy rules in *McMullen v. Schultz*, 443 B.R. 236 (Bankr. D.Mass. 2011). The bankruptcy court in the Southern District of New York reduced an attorney fee award when the attorney failed to realistically assess the debtor's litigation strategy. *In re Haimil Realty Corp.*, 579 B.R. 19 (Bankr. S.D.N.Y. 2017). Therefore, both statutory and case law authority exists which allows a court to use its discretion to reduce an attorney fee award.

In this case, the Seventh Circuit remanded for a determination by the bankruptcy court of the proper amount of damages and how the failure to abide by Northern District of Indiana Local Bankruptcy Rule B-4002-1(a) would factor into the damage award. The bankruptcy judge did so and determined that the violation of the rule would subject Sterling to a 50% reduction in the damages award and the attorney fee award. Given the facts in this case, it was a fair assessment. Both Sterling and her attorney failed to abide by the local rule thereby helping to create a

situation where both components of the award should be reduced accordingly. While Sterling's current attorney is not the attorney who failed to comply with the local rule, it is unfair to allow a complete recovery of attorney fees simply because Sterling changed counsel. Both Sterling and her bankruptcy attorney were negligent in complying with the local rules. The violation of the local rule played a role in allowing the current situation to occur. Therefore, the bankruptcy court's decision to reduce damages by 50% was well within its discretion given the failures by both Sterling and her bankruptcy attorney. The bankruptcy court's decision to reduce the damages award by 50% should be affirmed because no abuse of discretion occurred.

## CONCLUSION

The bankruptcy judge did not abuse his discretion in determining the sanction for the violation of the discharge injunction. The judgment is correct and should be affirmed.

Respectfully submitted,

/s/ Kevin E. Steele
Kevin E. Steele (#17567-53)
Attorneys for Appellee, Southlake Nautilus
Health & Racquet Club, Inc.
BURKE COSTANZA & CARBERRY LLP
156 Washington St.
Valparaiso, IN 46383
(219) 769-1313
steele@bcclegal.com

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(a)(7)

The undersigned, counsel of record for the Defendant-Appellee, Southlake Nautilus Health & Racquet Club, Inc., furnishes the following in compliance with F.R.A.P Rule 32(a)(7):

I hereby certify that this brief conforms to the rules contained in F.R.A.P Rule 32(a)(7) for a brief produced with a proportionally spaced font. The length of this brief is 5,262 words.

## CERTIFICATE OF COMPLIANCE WITH
## F.R.A.P. RULE 32(a)(5),(6) and CIRCUIT RULE 32(b)

I certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Circuit Rule 32(b) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 12 point Century font for the main text and footnotes.

Respectfully submitted,

/s/ Kevin E. Steele
Kevin E. Steele/#17567-53
Attorneys for Appellee, Southlake Nautilus
Health & Racquet Club, Inc.
BURKE COSTANZA & CARBERRY LLP
156 Washington St.
Valparaiso, IN 46383
steele@bcclegal.com

## CERTIFICATE OF SERVICE

I certify that on October 21, 2024, I electronically filed the foregoing pleading with the Clerk of the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system on all attorneys of record.

/s/ Kevin E. Steele